## APPEAL OF RICHMOND LIGHT & RAILROAD CO. AND NEW JERSEY & STATEN ISLAND FERRY CO.

Docket No. 5060.   Submitted December 29, 1925.   Decided April 23, 1926.

> Reserves for damages and casualties are not allowable deductions.

*Francis J. Sweeney, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

### Before PHILLIPS and TRAMMELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the fiscal years ended June 30, 1920, and June 30, 1921, amounting to $29,597.36. The deficiency arises (a) from the disallowance by the Commissioner of $5,178.53 for 1920 and $5,149.90 for 1921, claimed by the taxpayer on account of the exhaustion, wear and tear of tangible assets; (b) on account of the disallowance by the Commissioner of a deduction claimed for reserves for casualties and damages in the amount of $33,460.29 for the fiscal year ended June 30, 1920, and $49,822.88 for the fiscal year ended June 30, 1921, the Commissioner having allowed a deduction on account of damages and casualties which had actually been paid during the taxable years; (c) the disallowance by the Commissioner from invested capital for each of the years involved of $969,477.34. The taxpayer alleges that this amount was excluded on account of an erroneous and arbitrary segregation of fixed capital, while the Commissioner sets forth that it was excluded because no value of assets acquired for stock was shown; (d) the Commissioner also deducted $45,322.47 for 1920 and $41,378.92 for 1921 from invested capital, on account of assets which the taxpayer contends were erroneously determined by the Commissioner to be inadmissible assets. The other errors assigned in the petition of the taxpayer were conceded by the Commissioner in his answer.

#### FINDINGS OF FACT.

The taxpayer, the Richmond Light & Railroad Co., is a corporation organized under the laws of New York, and was engaged in generating and selling electric energy and operating a street rail-

way. The New Jersey & Staten Island Ferry Co. is a corporation organized under the laws of New Jersey, and is engaged in operating a ferry between Elizabethport, N. J., and Holland Hook, Staten Island, N. Y. The two corporations, during the years involved, were affiliated and filed consolidated returns.

Pursuant to the order of the Public Service Commission of New York, the Richmond Light & Railroad Co. in December, 1910, made a segregation of its capital account as of December 31, 1908, into certain subaccounts, among which were franchises. This was done for the purpose of dividing the property account into subaccounts as classified by the Public Service Commission. The Commissioner deducted from the invested capital as set up by the taxpayer $969,477.34, representing the par value of its stock issued for franchises acquired by the Richmond Light & Power Co., and $45,000, representing the par value of its stock issued for franchises acquired by the New Jersey & Staten Island Ferry Co., upon the ground that no value of such assets was satisfactorily established.

The Richmond Light & Railroad Co. set up a reserve on its books for casualties and damages for the fiscal year ended June 30, 1920, amounting to $33,460.29, and for the fiscal year ended June 30, 1921, amounting to $49,822.88. The actual disbursements on account of casualties and damages for the claim department, medical and adjustment expenses, for the fiscal year ended June 30, 1920, amounted to $28,783.39, and for the fiscal year ended June 30, 1921, to $5,759.61. The balance in the reserve for casualties and damages at June 30, 1921, amounted to $48,740.17. Judgments settled and paid subsequent to June 30, 1921, and applicable to years prior thereto, amounted to $49,396.31.

### OPINION.

TRAMMELL: The taxpayer alleges that the Commissioner excluded $969,477.34 from invested capital on account of an arbitrary segregation of accounts, but the allegation that the accounts were arbitrarily segregated, even if conceded to be true, would not be sufficient to overcome the presumption of correctness of the determination of the Commissioner on this point. The amount was disallowed by the Commissioner, according to his determination set forth in his 60-day letter, on account of the fact that " no value of the intangible assets having been proven, the total book value has been eliminated from your invested capital."

The taxpayer introduced no evidence as to values of any intangible assets acquired for stock or to sustain its claim for additional depreciation, nor has the taxpayer introduced any evidence which would enable the Board to determine what the inadmissible assets were or any evidence with respect thereto in order that we may

determine whether the Commissioner correctly excluded the amount thereof from invested capital.

The only facts material to the consideration of this appeal which the Board has before it are those which were stipulated by counsel. They relate entirely to the reserves which were set up for casualties and damages.

The taxpayer contends that reserves set up by it at the end of each of the years involved to pay damages subsequently to be determined to be due by it on account of accidents and casualties happening during the respective years are deductible. With this contention we can not agree. Reserves for such purposes are not deductible in determining net income. *Appeal of William J. Ostheimer*, 1 B. T. A. 18; *Appeal of Pan-American Hide Co.*, 1 B. T. A. 1249; *Appeal of Morrison-Ricker Mfg. Co.*, 2 B. T. A. 1008; *Appeal of Stokes Milling Co.*, 2 B. T. A. 1284. If the actual amount of damages so determined in subsequent years be held to relate back to the years when the accidents or casualties on which they are based occurred, we have no evidence as to the amounts attributable to each of such years, and it is not necessary to decide such principle.

The taxpayer contended that the invested capital should also be adjusted in accordance with the opinion of the Board in the *Appeal of Guarantee Construction Co.*, 2 B. T. A. 1145. The Revenue Act of 1926, in section 1207, makes specific provision relating to this question which is retroactive and governs this case. The adjustment made by the Commissioner is in accordance with the statute. *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

In his answer the Commissioner admitted various errors which will be corrected in computing the deficiency.

> *Order of redetermination will be entered on 10 days' notice, under Rule 50.*